IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Brian Gross | ) |
| | ) |
| Plaintiff, | ) Court File No. 0:23-cv-164 |
| | ) |
| v. | ) |
| | ) |
| BLST Operating Company, LLC d/b/a Fingerhut | ) |
| | ) |
| Defendant. | ) |

# DEFENDANT BLST OPERATING COMPANY, LLC'S NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant BLST Operating Company, LLC d/b/a Fingerhut ("BLST") hereby removes this action to the United States District Court for the District of Minnesota and as grounds for removal state as follows:

## I.   STATE COURT ACTION

1. On December 22, 2022, Brian Gross served a complaint (the "Complaint"), styled *Brian Gross v. BLST Operating Company, LLC d/b/a Fingerhut*, Case No. 27-CV-22-18839, on Defendant BLST Operating Company, LLC d/b/a Fingerhut (the "State Court Action").

2. The Complaint alleges that BLST is liable to Gross for violating the Fair Credit Reporting Act ("FCRA"), Minn. Stat. § 325F.67, Minn. Stat. § 325F.69 and Minn. Stat. § 325D.44 by closing the Plaintiff's Fingerhut Advantage Account ("Advantage Account") and opening the Plaintiff's Fingerhut Fetti Account ("Fetti Account") without the Plaintiff's permission. *See generally* Complaint.

1

3. The Complaint seeks monetary relief from BLST on behalf of the Plaintiff and nationwide class of individuals "for whom Defendant automatically transitioned Fingerhut Advantage accounts to Fingerhut Fetti accounts." Complaint § 82.

4. With this Notice of Removal, BLST removes the State Court Action to this Court on the basis of original and federal-question jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

5. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 103(4), 1441, 1446(a).

6. The Complaint is the initial pleading setting forth the claim for relief upon which this action is based. This removal is timely because it is being filed within 30 days of BLST being served with the Complaint.

7. Copies of the documents constituting all documents in the State Court Action that were served on BLST are attached to this notice as **Exhibit A** pursuant to 28 U.S.C. § 1446(a).

8. Pursuant to 28 U.S.C. § 1446(d) and concurrently with the filing of this Notice of Removal, BLST will (1) serve Gross with a copy of the Notice of Removal, and (2) file a copy of the Notice of Removal in the State Court Action. A copy of the Notice of Filing of Notice of Removal that will be filed in the State Court Action is attached hereto as **Exhibit B**.

9. If any questions arise as to the adequacy or propriety of the removal of this action, BLST requests the opportunity to supplement this notice with additional evidence and/or to brief any disputed issues and present oral argument in support of this removal.

10. BLST reserves all objections it may have as to service, personal jurisdiction, or any other defenses or objections it may have to the Complaint or State Court Action. BLST intends no admission of fact, law, or liability by this notice. BLST expressly reserves all defenses, motions and/or pleas.

### III. REMOVAL IS PROPER BASED ON FEDERAL QUESTION JURISDICTION

11. The United States District Court for the District of Minnesota has original jurisdiction over this action under 28 U.S.C. § 1331. The Court has federal-question jurisdiction under 28 U.S.C. § 1331 because the Complaint includes a claim for violation of the FCRA, 15 U.S.C. § 1681s-2(b). (Complaint ¶ 90.) Further, although some of Plaintiff's claims arose under state law, this Court would have jurisdiction based on its supplemental jurisdiction over those claims under 28 U.S.C § 1367. Additionally, all further requirements for removal are satisfied here.

**A. This Court Has Subject-Matter Jurisdiction Over This Action Based on Federal Question Jurisdiction.**

12. A defendant may remove any state court action over which a district court would have original jurisdiction to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). A district court has original jurisdiction over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

13. Because there is original jurisdiction and federal-question jurisdiction in the United States District Court for the District of Minnesota, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

**B.     This Court Has Supplemental Jurisdiction Over the State Law Claims.**

14. This Court has jurisdiction over the state law claims as supplemental to claims arising under federal law.

15. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A single case or controversy exists for these purposes whenever the state and federal claims arise from a "common nucleus of operative fact[s]" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

16. All of the Plaintiff's claims arise out of the same set of facts, including the closing of Fingerhut Advantage and the opening of Fingerhut Fetti accounts, and thus are part of the same case or controversy. This Court's exercise of supplemental jurisdiction is not inconsistent with the considerations set forth in 28 U.S.C. § 1367(c), as deciding a dispute under federal law is necessary to ruling on Plaintiff's claims.

**C.     All Additional Requirements for Removal Are Satisfied.**

17. The United States District Court for the District of Minnesota is the District Court for the district embracing the entire state of Minnesota, where the State Action is

currently pending. *See* 28 U.S.C. § 103. Venue is therefore proper in this district under 28 U.S.C. § 1441(a).

## IV. REMOVAL IS TIMELY

18.     Removal is timely under 28 U.S.C. § 1446(b). Plaintiff served the summons and complaint on December 22, 2022, which commenced the 30-day time period in which BLST could remove. (*See* Exhibit A, proof of service.) BLST has filed its notice of removal within 30 days of December 22, 2022.

## V.     CONCLUSION & PRAYER

BLST removes this action from the Hennepin County District Court to the United States District Court for District of Minnesota, so that this Court may assume jurisdiction over the case as provided by law.

Dated: January 20, 2023                    /s/ Erin L. McCann

Erin L. McCann (#0387835)
Elsa M. Bullard (#0392113)
Hannah M. Leiendecker (#0399361)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Telephone: (612) 766-7000
Fax: (612) 766-1600
erin.mccann@faegredrinker.com
elsa.bullard@faegredrinker.com
hannah.leiendecker@faegredrinker.com

*Attorneys for Defendant BLST Operating Company, LLC d/b/a Fingerhut*